

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# Save Sandy Hook Corp v. US Dept Interior

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Save Sandy Hook Corp v. US Dept Interior" (2008). *2008 Decisions*. Paper 478.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/478

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4334

SAVE SANDY HOOK CORPORATION;
JAMES M. COLEMAN, JR.;
MONMOUTH CTY FRIENDS OF CLEARWATER, INC.

v.

UNITED STATES DEPARTMENT OF THE INTERIOR,
NATIONAL PARK SERVICES;
MARIE RUST, NATIONAL PARK SERVICE REGIONAL DIRECTOR;
SANDY HOOK PARTNERS LLC; WASSEL REALTY GROUP, INC.;
NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION

Save Sandy Hook Corporation;
James M. Coleman, Jr.,
                                        Appellants

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 04-cv-05908)
District Judge: The Honorable Mary L. Cooper

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2008

Before: BARRY, AMBRO and GARTH, Circuit Judges

(Opinion Filed: September 26, 2008)

BARRY, <u>Circuit Judge</u>

In August 1999, the National Park Service ("NPS") issued a Request for Proposals for the leasing of historic buildings at Fort Hancock, a decommissioned Army base located within the Sandy Hook Unit of the Gateway National Recreation Area in New Jersey. The NPS received 22 proposals in response, including a proposal from appellee Wassel Realty Group, Inc. ("WRG"). WRG's proposal identified 44 buildings at Fort Hancock for possible rental and envisioned "a sophisticated, multi-use facility that would feature a technology-driven office space and a state-of-the-art educational facility and conference center." An NPS-appointed panel evaluated the proposals and recommended WRG's proposal and another company's proposal for negotiation.

WRG organized appellee Sandy Hook Partners, LLC ("SH Partners") and, in November 2001, the NPS and SH Partners executed a Letter of Intent committing the parties to enter into a lease pertaining to certain buildings at Fort Hancock. The NPS circulated a draft Environmental Assessment ("EA") of WRG's proposal in February 2002, a revised EA in July 2003, and a Finding of No Significant Impact in July 2003. On July 9, 2004, NPS and SH Partners executed a 60-year lease for 36 buildings at Fort Hancock.

Appellants Save Sandy Hook Corp., a non-profit group headquartered in

Middletown, New Jersey, and James M. Coleman, Jr. filed suit alleging (1) that the lease between NPS and SH Partners violates the National Park Service Organic Act, 16 U.S.C. § 1, et seq., and the Gateway Act, 16 U.S.C. § 460cc, et seq; (2) that the lease violates the National Historic Preservation Act, 16 U.S.C. § 470, et seq.; and (3) that the NPS violated the National Environmental Policy Act, 42 U.S.C. § 4321, et seq., by entering into the lease. In essence, appellants claimed that "[t]he proposed uses authorized by the Lease amount to a thinly disguised corporate office park in derogation of the purposes and values for which the Sandy Hook Unit was created and, as a result, will result in the crass commercialization and privatization of the Sandy Hook Unit in violation of the purposes and values for which Gateway was established." Among other things, appellants asked the District Court for a declaration that the lease violates the above-listed federal statutes and a declaration that the lease is void.

The parties cross-moved for summary judgment and, on September 13, 2007, the District Court granted summary judgment in favor of appellees. Appellants timely appealed, asserting that the District Court erred in dismissing two of its three claims.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We have carefully examined the record and considered the parties' arguments on appeal and can discern no error in the District Court's ruling. Accordingly, we will affirm for substantially the reasons set forth in Judge Cooper's excellent fifty-six page opinion. See Laird v. Horn, 414 F.3d 419, 425 (3d Cir. 2005) (affirming "for substantially the reasons set forth by the district court in its well-reasoned opinion").